BALLABANOS *v.* THE STATE OF OHIO.

*Intoxicating liquors—Unlawful sale—Liquor "fit for use" as beverage—Section 6212-14, General Code—Jamaica ginger.*

1. The word "fit" in the phrase "fit for use for beverage purposes," as used in Section 6212-14, General Code, defining intoxicating liquor, means "in correspondence with" liquor such as brandy, whiskey, alcohol, etc.
2. Jamaica ginger, a compound containing ninety per cent. alcohol by volume and sold for a beverage, is "fit for use for beverage purposes" within the meaning of Section 2 of the prohibition enforcement act, Section 6212-14, General Code.

(Decided January 30, 1922.)

ERROR: Court of Appeals for Butler county.

*Mr. H. L. Dell* and *Messrs. Andrews & Andrews,* for plaintiffs in error.
*Mr. G. W. A. Wilmer,* city solicitor of Middletown; *Mr. J. A. White; Mr. Chas. M. Earhart* and *Mr. H. E. Joseph,* for defendant in error.

BY THE COURT. Four cases entitled as above were tried together. The facts are the same, and a determination of the legal question presented will dispose of all the cases.

The plaintiffs in error had lived and carried on a grocery and fruit business in the city of Middletown for about three years prior to the date of the prosecution in the municipal court. In addition to selling groceries and fruits, they were selling as a side line, small bottles of Jamaica Ginger. These bottles contained two ounces of the compound. Some of them were kept in boxes under the counter, and those for immediate sale were placed on the counter and covered with newspaper. July 1, 1921, they had on hand about one hundred and fifty to two hundred and twenty-five of these bottles. On that date they purchased a new supply consisting of seventeen hundred and twenty-eight bottles. When arrested, on August 19, 1921, they had sold all of the old supply and two hundred bottles of the July 1 purchase.

The traffic in this compound, or these bottles, had been so conducted that the bottles with their contents had acquired a nickname. They were known as "Jakey." Purchasers asked for "Jakey" and received one of these small bottles, guaranteed to contain 90% of alcohol by volume.

The affidavits charging the offenses used the following language:

"Jamaica Ginger containing one-half of one per cent. or more of alcohol by volume, and fit for beverage purposes."

The controversy in this case arises out of the last phrase. Particular emphasis is placed on the word "fit." From a casual reading of the statute the word "fit" seems so plain as not to permit of interpretation. Counsel for plaintiffs in error presented so many phases of the word "fit" that we have been compelled to study the word. It seems

that this word was the subject of discussion many centuries ago. In fact, as early as the end of the third century "fit" was defined as "in correspondence with some other thing."

The general assembly was legislating against the liquor traffic, and intoxicating liquor was defined as alcohol, brandy, whiskey, etc.

The second class or definition is stated in the statute, Section 6212-14, General Code, as a liquid or compound, by whatever name known, containing one-half of one per cent. or more of alcohol by volume, fit for use for beverage purposes.

The principal contention of counsel for plaintiffs in error is that this compound was not fit for beverage purposes, and, therefore, did not come within the statute. It is undisputed that persons did purchase and use it for beverage purposes, and became intoxicated from drinking it. The use of the word "fit" in this statute must have been intended by the legislature to refer to or be "in correspondence with" liquor, to-wit: brandy, whiskey, alcohol, etc. The compound contained ninety per cent. of alcohol by volume. It was sold and used for beverage purposes. It cannot be said that because it might be injurious to health it could be sold and the vendor not be liable for a violation of the prohibition act.

Our conclusion is that the presence of so large a percentage of alcohol, its use, the manner of its sale, and the circumstances as revealed by the record, bring the case within the statute.

The judgment of the court below will, therefore, be affirmed.

*Judgment affirmed.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.